Potter, J.
 

 Tbe complainant, as executrix of Robert Hampson, files a bill for an account of partnership dealings between tbe deceased and tbe respondent. Tbe respondent pleads a settlement under seal. Tbis settlement is not set forth in tbe bill. Tbe respondent’s plea contains averments that tbe settlement was fairly and voluntarily executed, and that tbe deceased well knew tbe nature of it.
 

 Tbe complainant filed tbe general replication.
 

 Tbe complainant now moves to withdraw her replication, and to amend her bill to allege that tbis pretended agreement, if ever signed by tbe deceased, was procured by undue influence and fraud ou tbe part of tbe respondent.
 

 A complainant must recover, if at all, upon tbe allegations in bis bill. He cannot supplement it by anything in bis replication, even if a special replication bad been filed, which can only be done by order of court. As tbe bill and plea stood, tbe only question at issue would be tbe fact of a release. Tbe complainant could offer no evidence of fraud or undue influence, for tbe simple reason that she bad nowhere alleged it; and, in tbis state of tbe pleadings, tbe averments in tbe respondent’s plea to rebut fraud, &c., were mere surplusage, as no fraud was anywhere properly charged.
 

 Tbe proper place for charging fraud, &c., to avoid tbe effect of a release, is in tbe bill itself ; and, for tbis purpose, tbe complainant, having omitted to do it, now applies for leave to amend her bill; and as tbe replication was evidently filed under a mistake, we see no reason why she should not be allowed to withdraw her replication and amend her bill.
 

 
 *513
 

 B. JSF. f S. S. Laphwm,
 
 for complainant.
 

 James Gf. Markland,
 
 for respondent.
 

 The respondent objects to the amendment on tbe ground (among others) that the replication has been filed. The filing of the replication ordinarily has the same effect as the allowance of the plea after it has been set down for argument;
 
 i. e.
 
 that the plea is good in law, if proved.
 

 Of the cases cited by the respondent,
 
 Barnett
 
 v. Grafton, 8 Sim. 72, holds that after plea allowed and replied to, the complainant will not be allowed to amend so as to make a new case.
 
 Carleton
 
 v.
 
 L 'Estrange,
 
 1 Turn. & Russ. 28, holds that after plea and replication filed, it is not a matter of course to grant leave to amend. In
 
 Taylor
 
 v.
 
 Shaw,
 
 2 Sim. & Stu. 12, it was held that after plea allowed, the complainant could not be allowed to amend as of course and without special order, as the complainant might thus make a new case.
 

 There is nothing in these cases to affect our opinion in the present case. No new case is here to be made, nor is the respondent surprised, as the averments in his plea show that he was aware of the ground taken by the complainant.
 

 As to the difficulty suggested by Mr. Markland, and he quotes Lord Eldon in
 
 Carleton
 
 v.
 
 L'Estrange,
 
 what becomes of the plea? We do not think it a matter of great consequence what becomes of it, except that as a general rule no sworn document in a case should be taken from the clerk’s office without leave of court, and for special reasons. It is now not a plea to the amended bill, and will be superseded by the new plea or answer and will make no part of the record.
 

 The complainant has leave to withdraw the replication and to amend the bill. Respondent to have leave to demur, plead anew, or answer as he sees fit.
 
 Order accordingly.